Filed 8/13/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| RICHARD ROBINSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SOUTHERN COUNTIES OIL COMPANY,<br><br>    Defendant and Respondent. | A158791<br><br>(Contra Costa County<br>Super. Ct. No. MSC1801691) |

Plaintiff Richard Robinson, on behalf of himself and other aggrieved employees, appeals from the judgment entered in favor of his former employer defendant Southern Counties Oil Company (Southern Counties). Robinson's complaint seeks civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.) based on Southern Counties's alleged unlawful denial of meal and rest breaks. Robinson contends the court erred in holding that he is barred by claim prelusion from asserting certain of the Labor Code violations alleged in his complaint and that he lacks standing with respect to the remaining alleged violations. We shall affirm.

**Background**

Robinson worked as a truck driver for Southern Counties from February 4, 2015 through June 14, 2017. In August 2018, after filing the required notice with the California Labor Workforce Development Agency (LWDA), he filed the present PAGA action

---

[1] All further statutory references are to the Labor Code unless otherwise noted.

1

against Southern Counties.[2] His complaint alleges that Southern Counties denied Robinson and other aggrieved employees meal and rest breaks in violation of sections 226.7 and 512. The complaint alleges that as a result of the unlawful denial of breaks, Southern Counties failed to pay timely wages (§ 204), furnish complete and accurate wage statements (§§ 226, subd. (a), 226.3), and pay all wages due upon termination (§§ 201, 202).

In February 2019, the San Diego County Superior Court approved a settlement in a class action that sought individual damages as well as civil penalties under PAGA for the same alleged Labor Code violations. (*Gutierrez v. Southern Counties Oil Co.*, case No. 37-2017-00040850-CU-OE-CTL (*Gutierrez*).) The settlement covered all persons employed by Southern Counties in certain job classifications between March 17, 2013 and January 26, 2018.

Robinson and three other employees opted out of the class settlement. Thereafter, Robinson amended the allegations of his complaint to represent employees of Southern Counties who opted out of the settlement in *Gutierrez* and persons who were employed by Southern Counties from January 27, 2018 to the present.

In July 2019, the court sustained without leave to amend a demurrer to the amended complaint. The court held that Robinson is barred from bringing a PAGA action asserting the same claims that were settled in *Gutierrez* and that he lacks standing to

---

[2] "Under PAGA, an 'aggrieved employee,' acting as a private attorney general, may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. [Citation.] 'The employee may not file his or her PAGA claim for particular labor law violations until first giving [LWDA] the opportunity to investigate and file the claim itself [citations] and, if [LWDA] elects not to get involved, [it] is nevertheless legally bound by the outcome of the employee-prosecuted PAGA claim [citations].' [Citation.] If the PAGA action results in penalties, LWDA recovers 75 percent and the aggrieved employees recovers the remaining 25 percent of those penalties." (*Brooks v. AmeriHome Mortgage Co., LLC* (2020) 47 Cal.App.5th 624, 628-629.)

bring a representative action on behalf of employees employed during the time period when he was no longer employed by Southern County.[3]

Following entry of the judgment, Robinson timely filed a notice of appeal.

## Discussion

### 1. *Standard of Review*

"When a demurrer is sustained by the trial court, we review the complaint de novo to determine whether, as a matter of law, the complaint states facts sufficient to constitute a cause of action. [Citation.] Reading the complaint as a whole and giving it a reasonable interpretation, we treat all material facts properly pleaded as true. [Citation.] The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action." (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

"The court may sustain a demurrer on claim preclusion grounds '[i]f all of the facts necessary to show that the action is barred are within the complaint or subject to judicial notice . . . .' " (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1191.) "Standing is the threshold element required to state a cause of action and, thus, lack of standing may be raised by demurrer." (*Martin v. Bridgeport Community Assn., Inc.*, *supra*, 173 Cal.App.4th at p. 1031.)

---

[3] Robinson's first cause of action for unlawful denial of meal and rest breaks seeks to recover "the wages, civil penalties, attorney's fees and costs recoverable in a civil action brought by an aggrieved employee on behalf of himself and, as a proxy for the LWDA, on behalf of defendants' other current and former employees." The trial court found that Robinson's amended complaint alleges "the same four PAGA claims as the original complaint, and *no individual claims*." Robinson has not asserted either in the trial court or before this court that the demurrer was improperly sustained as to any individual claim he may have for lost wages or damages.

2. *The doctrine of claim preclusion bars Robinson's claims with respect to violations settled in Gutierrez.*

"The claim preclusion doctrine, formerly called res judicata, 'prohibits a second suit between the same parties on the same cause of action.' [Citation.] 'Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91; *Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 575 [" 'Under the doctrine of [claim preclusion], a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action.' "].) The doctrine " ' "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." ' " (V*illacres, supra,* at p. 575.)

Here, there is no dispute that the present action and the *Gutierrez* action involve PAGA claims based on the same alleged violations of the Labor Code. Robinson asserts that because he opted out of the *Gutierrez* action, the doctrine of claim preclusion does not apply. We disagree.

While Robison was free to, and did, opt out of the class settlement of any individual claims he may have had, there is no mechanism for opting out of the judgment entered on the PAGA claim. "Because an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. The act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations [citations], and an action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' [citation]. When a government agency is authorized to bring an action on behalf of an individual or in the

public interest, and a private person lacks an independent legal right to bring the action, a person who is not a party but who is represented by the agency is bound by the judgment as though the person were a party. [Citation.] Accordingly, with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under the act." (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986.)

In *Kim v. Reins International California, Inc.*, *supra*, 9 Cal.5th at pages 86-87, the court confirmed, "PAGA claims are different from conventional civil suits. The Legislature's sole purpose in enacting PAGA was 'to augment the limited enforcement capability of the [LWDA] by empowering employees to enforce the Labor Code as representatives of the Agency.' [Citations.] Accordingly, a PAGA claim is an enforcement action between the LWDA and the employer, with the PAGA plaintiff acting on behalf of the government. [Citation.] . . . [¶] Although representative in nature, a PAGA claim is not simply a collection of individual claims for relief, and so is different from a class action. The latter is a procedural device for aggregating claims 'when the parties are numerous, and it is impracticable to bring them all before the court.' [Citation.] In a class action, the 'representative plaintiff still possesses only a single claim for relief—the plaintiff's own.' [Citation.] If a representative plaintiff voluntarily settles her claim, she no longer has an interest in the class action and may lose the ability to represent the class. [Citation.] 'But a representative action under PAGA is not a class action.' [Citation.] There is no individual component to a PAGA action because ' "every PAGA action . . . is a representative action on behalf of the state." ' [Citation.] Plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of all affected employees." (See also *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 871-872 ["A PAGA action is . . . ultimately founded on a right belonging to the state, which—though not named in the action—is the real party in interest."].)

The *Gutierrez* settlement and resulting judgment finally resolved the LWDA's claims with respect to the violations alleged in that action. Robinson cannot opt out of that settlement and thereafter pursue civil penalties for the same violations again on

behalf of the LWDA. Accordingly, the doctrine of claim preclusion bars relitigation of the claim for civil penalties based on the Labor Code violations resolved in *Gutierrez*. (See *Arias v. Superior Court, supra*, 46 Cal.4th at p. 986 ["Because collateral estoppel applies not only against a party to the prior action in which the issue was determined, but also against those for whom the party acted as an agent or proxy [citations], a judgment in an employee's action under [PAGA] binds not only that employee but also the state labor law enforcement agencies."].)

3. *Robinson lacks standing to bring a representative action for violations occurring after January 27, 2018.*

Section 2699, subdivision (a) authorizes an "aggrieved employee" to bring an action "on behalf of himself or herself and other current or former employees." Section 2699, subdivision (c) defines an "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." The violations for which penalties are sought are determined by the allegations of the complaint. (*Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745, 754 [Under Section 2699, subdivision (c), "any Labor Code penalties recoverable by state authorities may be recovered in a PAGA action by a person who was employed by the alleged violator and affected by at least one of the violations *alleged in the complaint*." (Italics added.)]; *Esparza v. Safeway, Inc*. (2019) 36 Cal.App.5th 42, 60 [noting that plaintiff had narrowed her PAGA claim to rest on alleged violations occurring before a certain date.].)

Here, Robinson purports to bring a representative action based on violations alleged to have occurred after the period covered in *Gutierrez*—that is, after January 27, 2018. By then, however, Robinson was no longer employed by Southern Counties and thus was not affected by any of the alleged violations. Robinson does not suggest that he has standing to bring an action based solely on these violations, but contends that he had standing at the time he filed his complaint and that he "did not lose his standing as an aggrieved employee because of the *Gutierrez* settlement." We disagree.

6

A change in facts or law can deprive a plaintiff of standing. (See, e.g., *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230-231 [change in law may limit plaintiff's standing]; *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1119 [a plaintiff in a shareholder's derivative suit who ceases to be a stockholder may lose standing to continue the litigation].) Here, the preclusion of Robinson's claims for the period during which he was employed by Southern County deprives him of standing to assert claims arising exclusively after he was so employed. (See *Shook v. Indian River Transp. Co*. (E.D. Cal. 2017) 236 F.Supp.3d 1165, 1175 [plaintiffs were deprived of standing to pursue PAGA claims against employer after application of the safe harbor provision (§ 226.2) reduced time period for actionable violations to 36 pay periods during which plaintiffs were no longer employed].)

Contrary to Robinson's argument, the Supreme Court's recent decision in *Kim v. Reins International California, Inc., supra*, 9 Cal.5th 73 does not compel a different result. In *Kim,* the court rejected the employer's argument that the plaintiff no longer had standing as an "aggrieved employee" after he settled his individual claims with his former employer. The court explained that "[t]he Legislature defined PAGA standing in terms of violations, not injury" so that a person's receipt of compensation for his injury does not defeat his standing to assert a PAGA claim. (*Id*. at pp. 84-85, citing *Kirby v. Immoos Fire Protection, Inc*. (2012) 53 Cal.4th 1244, 1256 [payment of statutory remedy does not excuse Labor Code violation] & *Raines v. Coastal Pacific Food Distributors, Inc*. (2018) 23 Cal.App.5th 667, 678-680 [plaintiff is not required to show a quantifiable injury in PAGA action for civil penalties].) *Kim* does not support Robinson's argument that he has standing to pursue claims based solely on violations alleged to have occurred after his termination.[4]

---

[4] In light of these conclusions, we do not reach Southern Counties's additional arguments that the demurrer was properly sustained because Robinson failed to satisfy the LWDA notice requirements or because his claims are preempted by two federal regulatory orders governing interstate transportation carriers.

## Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

Trial court:                                       Contra Costa County Superior Court

Trial judge:                                       Honorable Jill Fannin

Counsel for plaintiff and appellant:              BURTON EMPLOYMENT LAW
                                                   Jocelyn Burton

Counsel for defendant and respondent:             PAYNE & FEARS LLP
                                                   Sean A. O'Brien
                                                   Amy R. Patton
                                                   Raymond J Nhan

A158791